**MINUTE ENTRY**
**KNOWLES, M.J.**
**APRIL 27, 2009**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JOHN SHANE BERGERON**                                  **CIVIL ACTION**

**VERSUS**                                                       **NO. 08-3753**

**BEVERLY DREDGING, LLC, et al**                         **SECTION "C" (3)**

On April 23rd, 2009, Defendant's Motion to Compel Functional Capacity Examination

(FCE) by Richard W. Bunch, Ph.D. [Doc. No. 32] came on for expedited telephone hearing

before the undersigned Magistrate Judge. Participating were Louis Roy Koerner, Jr. on behalf of

John Shane Bergeron ("Bergeron") and Bertrand M. Cass, Jr. on behalf of Beverly Dredging,

LLC, *inter alia*. The Court GRANTED defendant's motion to compel FCE for the following

reasons.

The nature and extent of the plaintiff's alleged injuries and, concomitantly, the extent of

the loss of his functional ability and earning capacity are main issues in this case. Plaintiff only

recently named Bobby Roberts as an expert witness and on Monday, April 20th, 2009 provided

his expert report to defense counsel. Roberts' report is clearly the result of both a vocational

rehabilitation examination and a functional capacity examination. Roberts tested the defendant's

strength in a variety of areas and expressed his opinions regarding Bergeron's functional

capacity to meet the strength and stamina demands of sedentary and light level work, *inter alia*.

The fact that plaintiff's expert successfully administered a variety of functional capacity tests

belies plaintiff's argument that an FCE at this stage is either contraindicated or premature.

Plaintiff's argument regarding Richard Bunch's qualifications and methodology are more

appropriately addressed to the district judge in the form of a motion *in limine*. However, the

MJSTAR(00:13)

Court observes that plaintiff's citation of *Broussard v. Stolt Offshore, Inc.*, 2007 WL 101041 (E. D. La Jan. 9, 2007) is inapposite in significant details. In the *Broussard* case, Bunch actually testified on the merits and was not struck at the outset as a result of any *Daubert* analysis. Additionally, Broussard's *high blood pressure* during his physical examination by Bunch prevented him from either administering or completing the functional capacity evaluation.

Pursuant to Fed. R. Civ. P. 35, whenever the physical condition of a party is in controversy the court may require the party to submit to a physical examination. Although the party moving for such an order must show good cause, a plaintiff in a negligence action who asserts physical injuries places the extent of the injuries in controversy and provides the defendant with good cause for an examination. In this particular case, Bergeron *belatedly* (only a few days ago) provided defense counsel with a copy of Roberts' report detailing the results of his vocational evaluation *and* functional capacity assessment of the plaintiff. In order to respond to same, defendants are entitled to have their functional capacity expert opine on plaintiff's functional work capacity. It is clear from reviewing Roberts' report that a *functional capacity examination* is required to make such a determination/prognosis regarding plaintiff's ability to work competitively in any capacity, including his previous capacity to perform heavy physical labor.[1]

One of the purposes of Fed. R. Civ. P. 35 is to level the playing field when a party's physical or mental capacity to engage in gainful employment is at issue. Defendants have

---

[1]*See* Bobby S. Roberts' Report dated March 25, 2009 (concluding plaintiff's best option/prognosis is *light* work at the unskilled level considering, the results from tests of plaintiff's grip strength and various other strength demands consistent with the ability to perform competitive sedentary and light level work, inter alia) [Doc. No. 42-2].

demonstrated "good cause" for a functional capacity examination, which will not jeopardize the

bench trial currently scheduled to commence on June 22, 2009.  Accordingly and pursuant to the

hearing, the Court issued the following order, to wit:

     **IT IS ORDERED** that Defendants' Motion to Compel FCE by Richard W. Bunch, Ph.D.

[Doc. #32] is GRANTED in that, **on or before May 15, 2009**, plaintiff shall submit to an FCE.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**